UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:06-CV-730 PS |
| | ) | |
| WILLIAM WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

William Harris, a *pro se* prisoner, was found guilty by a Conduct Adjustment Board ("CAB") of engaging in trafficking. As a result, the CAB docked him 255 days of good time credit and demoted him from credit class one to credit class three. In his petition, brought pursuant to 28 U.S.C. § 2254, Mr. Harris alleges a number of errors in his administrative hearing. The respondent has filed a response. Mr. Harris has not filed a traverse, and the time for doing so has long since passed.

The facts leading up to the hearing are set out in a July 25, 2006 report of investigation of incident, which investigated Mr. Harris for conspiring to traffic in violation of A 111/113. The report of investigation of incident states:

> On June 8, 2006, this office conducted an investigation concerning a trafficking operation between a civilian and an offender. The following was discovered during the investigation:
> 1. Telephone monitor Chris Dustin gathered information that Offender Harris was having two civilians drop a package of tobacco near the Compost Area of Westville Correctional Facility.
> 2. Officer Runde found a garbage bag full of ten tobacco packages weighing a total of 5 pounds and 2 ounces.
> 3. In a phone call made at 12:00 pm on June 14, 2006, between Offender Harris and a civilian, the civilian told Harris where the tobacco was placed and that ten packages were in it.
> 4. The location and quantity matched that of the tobacco Officer Runde had found.

>    5. Offender Harris did not cooperate with the investigation.
>    For further information, refer to Internal Affairs Case File # 06-WCC-0167.

(Resp., Exh. B, docket # 5-3). On July 27, 2006, Mr. Harris received a conduct report charging him with a violation of A 111/113, conspiring to traffic, based upon the facts alleged in the report of investigation of incident and was screened for this violation. (Resp., Exh. A & C, docket # 5-2, & # 5-4). On August 4, 2006, the CAB found Mr. Harris guilty of engaging in trafficking based upon the staff reports, the statement of the offender, the photocopy of the evidence, and the conduct report. (Resp., Exh. G, docket # 5-8).

In his petition, Mr. Harris raises the following four challenges: 1) there was insufficient evidence to find him guilty; 2) he was denied video and other surveillance evidence; 3) he was denied equal protection; and 4) he was denied the effective assistance of a lay advocate. In his appeals to the Facility Head and the Final Reviewing Authority, Mr. Harris only argued that there was insufficient evidence to find him guilty because another inmate had confessed. Mr. Harris did not raise arguments two, three, or four to either the Facility Head or the Final Reviewing Authority. (*See* Resp., Exh. H, docket # 5-9). "[T]o exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the . . . Final Reviewing Authority . . . ." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). Because Mr. Harris did not raise issues two, three, and four in his institutional appeals, these arguments are procedurally defaulted. "[P]rocedural default . . . precludes consideration of this theory under § 2254 unless the prisoner can show cause and prejudice . . . ." *Id.*

>    [T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to [present his issues for administrative review].

*Murray v. Carrier,* 477 U.S. 478, 488 (1986). Because Mr. Harris has not filed a traverse, he has not shown cause or prejudice for his failure to exhaust claims two, three, and four. As a result, these claims are procedurally defaulted and are not properly before the court.

In his remaining claim before the court, Mr. Harris contends that there was insufficient evidence to find him guilty of trafficking because another inmate confessed that the tobacco was his and that Mr. Harris was not involved. "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Here, the report of investigation of incident indicates that during a phone call, a civilian told Mr. Harris the location of the tobacco and that ten packages were inside. According to the

3

report of investigation of incident, ten packages of tobacco were found in the exact location where the civilian indicated they would be. This is some evidence to support the CAB's determination that Mr. Harris was guilty of trafficking. Although another inmate provided a witness statement stating that the tobacco was his and that Mr. Harris was not involved, once the court finds reliable evidence to support the CAB's decision, its inquiry ends and it should not look further to see whether other evidence may suggest an opposite conclusion. *See Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). As a result, no due process error occurred.

For the foregoing reasons the court **DENIES** William Harris's petition for writ of habeas corpus.

**SO ORDERED**.

ENTERED: April 20, 2007.

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT